# EXHIBIT A-3
## TO NOTICE OF REMOVAL

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

DALE POWERS,
        Plaintiff,

vs.

LOCKHEED MARTIN
CORPORATION, a foreign
corporation,
        Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, DALE POWERS, by and through his undersigned counsel, and he hereby files this Complaint against the Defendant, Lockheed Martin Corporation., d/b/a Lockheed Martin, and the Plaintiff states as follows:

### I.
### JURISDICTION AND VENUE

1. This is an action for damages in excess of $ 30,000.00.

2. This Court has original jurisdiction over Plaintiff's claim, under the Florida Civil Rights Act ("FCRA"), pursuant to *Fla. Stat.* Section 26.012, and *Florida Stat.* Section 760.11 (4)(a).

3. Venue lies within Orange County, Florida, because a substantial part of the events, giving rise to this claim, arose in this Judicial District.

## II.
## ADMINISTRATIVE PREREQUISITES

4. Plaintiff timely filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge of discrimination was previously attached to the Complaint, as **EXHIBIT A**.

5. More than 180 days have passed since the filing of this charge of discrimination

6. Pursuant to *Fla. Stat.* Section 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission, or with a local fair employment practices agency, vests the Florida Commission on Human Relations, with jurisdiction, pertaining to that charge of discrimination.

7. Plaintiff has filed this action within the applicable period of limitations.

8. All conditions precedent to this action have been either satisfied and or waived.

9. Plaintiff, Dale Powers, is a former employee of the Defendant, herein, and he is within the purview of the statutory protections, mandated by the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.* and at all material times herein, he was a resident of Kissimmee, Osceola County, Florida.

10. Defendant, Lockheed Martin Corporation, d/b/a Lockheed Martin, is a foreign corporation, domiciled in the State of Maryland; and it is, an "employer," within the

purview and jurisdiction of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

## III.
## PARTIES

11. Plaintiff, Dale Powers ("POWERS"), was over forty (40) years old, as of the date of the filing of the charge of discrimination in this case, on November 13, 2019, he was sixty-three (63) years old; and therefore, he is entitled to protection as an older worker, under the FCRA, and in addition, the Plaintiff, is a "qualified individual with a disability," under the FCRA.

12. Defendant, Lockheed Martin Corporation, d/b/a Lockheed Martin (hereinafter, referred to as, "LOCKHEED MARTIN"), is foreign corporation, which is headquartered in the State of Maryland, and it is a global security and aerospace company, engaged in the research, design and manufacture of advanced technology systems.

## IV.
## GENERAL ALLEGATIONS

13. Plaintiff, POWERS, was hired as a Systems Engineer, at Staff Level 4, Lead, by the Defendant, LOCKHEED MARTIN, on or about May 1, 2015.

14. On or about September of 2018, POWERS' immediate supervisor, Mark Collison ("COLLISON"), offensively commented to Plaintiff, in a meeting, that the "Department was top heavy, and that therefore, he needed to replace higher level employees, with younger employees."

15. COLLISON "backtracked" from this position, apparently realizing that he had made an objectionable age-based comment, and he modified his statement, withdrawing the

3

ageism remark, asserting that younger employees, should merely be designated as "junior" employees.

16. In another meeting with the Plaintiff, COLLISON had boasted that he had "gotten rid of 'Carl,'" and the apparent context, as contended by POWERS, was that "Carl," was an older worker, over the age of forty, and as such, "Carl," was an example of an employee over the age of 40 (forty), who had been fired, based upon his age.

17. POWERS reported the comments, which COLLISON had made to him, in these private meetings, to the Defendant's Human Resources Representative, Allison Dinapoli ("DINAPOLI"); and DINAPOLI stated to the Plaintiff, that she would investigate these matters, including the Plaintiff's allegations; and that she would speak directly with COLLISON.

18. On or about late February, or early March of 2019, POWERS was given an unfavorable performance evaluation by COLLISON, evidencing a retaliatory motive by management, changing Plaintiff's status in the workplace, because as a result of this performance appraisal, Plaintiff was not eligible for a merit increase.

19. Throughout his employment with the Defendant, POWERS' prior performance reviews had always been satisfactory; and certainly, his job performance had not precipitously decreased in either 2018 or 2019.

20. POWERS' peers had always made supportive comments about his job performance and certainly, the early 2019 performance review did not accurately reflect his professionalism and his superior job performance.

21. Although POWERS had prepared a rebuttal to the unfavorable performance review, he was able to submit his rebuttal in a timely manner, nor was he able to sign the performance review, because on March 30, 2019, Plaintiff was involved in a serious automobile accident.

22. As a result of the accident, Plaintiff had been hospitalized for nine weeks and then, he subsequently needed an extended period of home-based rehabilitation.

23. POWERS' short term disability benefits ended on September 27, 2019; and during the period Plaintiff was receiving short-term disability benefits, Plaintiff had diligently maintained constant contact, with the Defendant's Leave Management Department, and with the Defendant's Third-Party Administrator for short-term disability benefits, Sedgewick Claims Management Services.

24. Prior to the expiration of the short-term disability benefits period, Plaintiff sought to facilitate the return-to-work process, by offering documentation from his treating physician, indicating that with a reasonable accommodation, Plaintiff could return to work.

25. On September 26, 2019, POWERS' treating physician recommended that he return to work on a light duty basis, primarily working from home

26. POWERS was eligible to return to work in a full duty capacity, on or about February 13, 2020.

27. On or about October 1, 2019, Plaintiff was told by a duly authorized representative of the Defendant, that his request for a reasonable accommodation had been denied, and hence, his offer to return to work had been rejected.

5

28. Moreover, Plaintiff was told by management, on or about October 1, 2019, that there was no position, which matched his abilities and or skill set.

29. This determination was made by management without the holding of an interactive dialogue with the Plaintiff, to determine the precise nature of his disability, and what duties he was capable of performing for the Defendant.

30. Since the rejection of Plaintiff's proposal to return to work, he had requested clarification, from the Defendant, as to why his requests to return to work and for a reasonable accommodation, had been rejected; however, despite numerous attempts to obtain clarification, no response was received from the Defendant, and or from its authorized representatives.

31. On January 6, 2021, the Defendant confirmed by correspondence to the Plaintiff, that he was separated from his employment with LOCKHEED on December 11, 2020.

## COUNT I
## (VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT -AGE DISCRIMINATION)

32. Plaintiff restates and reavers the allegations of Paragraphs 1—31 of the Complaint, as if fully set forth herein.

33. Plaintiff is a member of the protected class, as an older worker, over the age of forty, who is to be protected, under the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

34. The aforementioned actions of the Defendant constitute age discrimination, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

35. Plaintiff suffered an adverse employment action, by being subjected to a termination; and Plaintiff contends that age discrimination was the underlying reason for his dismissal from employment with the Defendant.

36. The adverse employment action was the result of and or it occurred, because of unlawful age discrimination, based on the Plaintiff's age, and or being within the protected class, as set forth by the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq.*

37. The Defendant knew, or should have known, of the unlawful discrimination, which was practiced, as against the Plaintiff, by its representatives, agents or employees, in violation of the Florida Civil Rights Act of 1992, *Fla. Stat.* Section 760.01, *et seq.*

38. As a direct result of the unlawful discrimination, the termination of Plaintiff's employment, he has suffered and continues to suffer substantial damages.

39. As a further result of the Defendant's unlawful conduct, the Plaintiff has been compelled to retain the undersigned attorney, and in addition, he has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, DALE POWERS, prays for the following relief against the Defendant, LOCKHEED MARTIN CORPORATION, d/b/a LOCKHEED MARTIN:

(a) Back pay and benefits;

(b) Interest on back pay and benefits;

(c) Front pay and future benefits;

(d) Compensatory damages for emotional distress;

(e) Other non-pecuniary damages;

(f) Punitive damages;

(g) Injunctive relief;

(h) Attorney's fees and costs; and

(i) For any other further relief that this Court deems to be just, proper and equitable.

## COUNT II
### (VIOLATION OF SECTION 760.10 OF THE FLORIDA CIVIL RIGHTS ACT, HANDICAP DISCRIMINATION)

40. Plaintiff restates and reavers the allegations of Paragraphs 1—31 of the Complaint, as if fully set forth herein.

41. POWERS possessed the requisite knowledge, skill and experience, to perform the essential functions of a Systems Engineer, at Staff Level 4, Lead.

42. Defendant, acting through its agents, employees and authorized representatives, perceived and or regarded POWERS, of having a disabling condition, as a result of the subject and previously described serious automobile accident, and personnel decisions were made adverse to the Plaintiff, in accordance with this unlawful and impermissible perception.

43. Plaintiff's reinstatement was not reasonably considered by the Defendant, with a reasonable accommodation.

44. Plaintiff was ultimately not permitted to return to his prior employment with the Defendant, since Defendant and or its duly authorized representatives, employees and or agents, because management perceived him or regarded him, as possessing a handicap or a disability.

45. Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.10, *et seq.*, by dismissing Plaintiff from his position, as a Systems Engineer, at Staff Level 4, Lead, by perceiving him as a handicapped individual, and by failing to properly consider a reasonable accommodation, which would have enabled Plaintiff to return to his position with the Defendant.

46. Defendant further violated the Florida Civil Rights Act of 1992 ("FCRA"), *Fla. Stat.* Section 760.10, *et seq.*, by failing to engage in a dialogue, or in an interactive process with him, prior to dismissing him from his employment; and this failure resulted in a *per se* violation of the FCRA.

47. As a result of the Defendant's unlawful conduct, the Plaintiff has been compelled to retain the undersigned attorney, and in addition, he has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, DALE POWERS, prays for the following relief against the Defendant, LOCKHEED MARTIN CORPORATION, d/b/a LOCKHEED MARTIN:

(a) Back pay and benefits;

(b) Interest on back pay and benefits;

(c) Front pay and future benefits;

(d) Compensatory damages for emotional distress;

(e) Other non-pecuniary damages;

(f) Punitive damages;

(g) Injunctive relief;

(h) Attorney's fees and costs; and

(i) For any other further relief that this Court deems to be just, proper and equitable.

## COUNT III
### (VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FLORIDA CIVIL RIGHTS ACT, SECTION 760.10 (7))

48. Plaintiff restates and reavers the allegations of Paragraphs 1—31 of the Complaint, as if fully set forth herein.

49. The anti-retaliation provision of the Florida Civil Rights Act, Fla. Stat. Section 760.10 (7) reads as follows:

> It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or labor organization to discriminate against any person because that person has opposed any practice, which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

50. Florida Statute Section 760.10 (7) expresses a clear policy of the State of Florida, forbidding any retaliatory action against an employee, who opposes an unlawful employment practice.

51. Plaintiff is a member of the class, who is to protected by the aforesaid statute, and that therefore, he may properly seek a bona fide remedy here, pursuant to Florida Statute Section 760.10 (7).

52. Plaintiff was clearly discharged from his position with the Defendant, in violation of Florida Statute Section 760.10 (7), in that Defendant had no reasonable basis, for effectuating the termination of Plaintiff's employment; and hence, management cannot overcome the substantial evidence of retaliatory intent.

53. The retaliatory intent is evidenced by Plaintiff's internal complaints of discrimination and following those complaints, he was given an unfavorable performance evaluation; and more importantly, Defendant refused to consider a reasonable accommodation, which could have been implemented for the Plaintiff, and as a direct result thereof, he was unlawfully discharged from his employment.

54. Plaintiff's discharge from his employment by the Defendant violated the clear and unmistakable public policy of the State of Florida, as evidenced by Florida Statute Section 760.10 (7).

55. Plaintiff has suffered both economic and compensatory damages, as a result of the Defendant's aforesaid actions, and the damages, associated with the loss of his employment, were specifically sought to be prevented by the Florida legislature, in its enactment of Florida Statute Section 760.10 (7).

56. As a result of the Defendant's unlawful conduct, the Plaintiff has been compelled to retain the undersigned attorney, and in addition, he has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, DALE POWERS, prays for the following relief against the Defendant, LOCKHEED MARTIN CORPORATION, d/b/a LOCKHEED MARTIN:

(a) Back pay and benefits;

(b) Interest on back pay and benefits;

(c) Front pay and future benefits;

(d) Compensatory damages for emotional distress;

(e) Other non-pecuniary damages;

(f) Punitive damages;

(g) Injunctive relief;

(h) Attorney's fees and costs; and

(i) For any other further relief that this Court deems to be just, proper and equitable.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

                                      Respectfully submitted,

                                      Mark J. Berkowitz, P.A.
                                      Attorney for Plaintiff
                                      One Ten Tower
                                      110 S.E. 6th Street
                                      Suite 1700
                                      Ft. Lauderdale, Florida 33301
                                      (954) 527-0570 Telephone
                                      (954) 281-5881 Telecopier
                                      E-mail: labor@markjberkowitz.com
                                      Fla. Bar No. 369391

                                      /s/ Mark J. Berkowitz
                                      Mark J. Berkowitz

Dated on this 7th day of June, 2021.

**EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2020-00331 |
|---|---|---|

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.)<br>MR. DALE POWERS | Home Phone<br>(407) 460-2830 | Year of Birth<br>1956 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 13 REINS CT., KISSIMMEE, FL 34743 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>LOCKHEED MARTIN | No. Employees, Members<br>501+ | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 100 GLOBAL INNOVATION CIR, ORLANDO, FL 32825 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-27-2019   Latest: 09-27-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I WAS HIRED AS A SYSTEMS ENGINEER STAFF LEVEL 4 LEAD BY LOCKHEED MARTIN ON OR ABOUT 5/1/2015. MY IMMEDIATE FUNCTIONAL MANAGER AT THE TIME OF THE FIRST INCIDENT OF DIVERSITY CHALLENGE WAS MARK COLLISON. DURING SEPTEMBER, 2018 IN A ONE-ON-ONE MEETING WITH MR. COLLISON HE INFORMED ME THAT THE DEPARTMENT WAS TOP HEAVY AND THAT HE NEEDED TO REPLACE HIGHER LEVEL ENGINEERS WITH 'YOUNGER' EMPLOYEES. WHEN I ASKED HIM WHAT HE MEANT BY 'YOUNGER' HE IMMEDIATELY BACK PEDDLED AND TRIED TO CORRECT HIMSELF AS TO WHAT HE MEANT TO SAY INSTEAD. IN ANOTHER ONE-ON-ONE MEETING HE HAD BOASTED THAT HE 'GOT RID OF CARL'. THERE WAS NO CONNECTION OR CONTEXT FOR HIM TO TELL ME THAT OTHER THAN CARL WAS APPARENTLY OVER 40 AND AN EXAMPLE OF AN EMPLOYEE IN THE PROTECTED AGE CLASS WHO WAS FIRED. I REPORTED THESE DETAILS TO MY HR REPRESENTATIVE AT THE TIME, ALLISON DINAPOLI. SHE SAID SHE WOULD TALK TO HIM ABOUT WHAT I REPORTED. IN LATE FEBRUARY OR EARLY MARCH 2019, I WAS GIVEN AN UNFAVORABLE ANNUAL REVIEW WITH NO MERIT INCREASE FROM MR. COLLISON. THIS REVIEW WAS RETALIATORY IN CAUSE AND AN OUTLIER FROM PREVIOUS REVIEWS WHICH HAVE CONSISTENTLY BEEN FAVORABLE. I DID NOT SEE IN IT ANY OF THE SUPPORTIVE COMMENTARIES THAT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Dale Powers on 11-13-2019 11:37 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2020-00331 |
|---|---|---|

FLORIDA COMMISSION ON HUMAN RELATIONS and EEOC
*State or local Agency, if any*

WERE CONTRIBUTED BEFOREHAND BY MY PEERS. I REBUTTED HIS REVIEW ITEM-FOR-ITEM IN COMMENTARY, BUT I WAS NOT ABLE TO FORMALLY RESPOND TO OR SIGN IT BEFORE A SEVERE AUTOMOBILE CRASH ON 3/30/2019 ENDED MY ACCESS TO THE DOCUMENT. I WAS IN THE HOSPITAL FOR 9 WEEKS THEN SENT HOME TO REHABILITATE FROM MY MULTIPLE SURGERIES AND INJURIES. THROUGHOUT THE EXTENT OF MY SHORT TERM DISABILITY THAT ENDED ON OR ABOUT 9/27/2019, THERE WAS CONTINUING CONTACT MADE BY MY WIFE OR MYSELF WITH LOCKHEED MARTIN'S LEAVE MANAGEMENT, SEDGWICK. BEFORE IT ENDED I ATTEMPTED TO RETURN TO WORK WITH A LETTER OF RECOMMENDATIONS BY MY PHYSICIAN FOR ACCOMMODATION. BUT I WAS TOLD IN A PHONE CONVERSATION ON OR ABOUT OCTOBER 1, 2019 BY A SEDGWICK SPECIALIST THAT MY RETURN TO WORK REQUEST WAS REJECTED. I HAVE SINCE REQUESTED A WRITTEN DOCUMENT FROM SEDGWICK AND LOCKHEED MARTIN FOR CLARIFICATION OF THIS DECISION WITH SPECIFICS, BUT NEITHER HAS OBLIGED WITH A HARD COPY. I CANNOT CONFIRM THE EXACT DATE OF THE DETERMINATION OR FURTHER GUIDANCE WITHOUT THE DOCUMENT TO SEE. I HAVE NOT BEEN ASKED TO RETURN TO WORK, AND AS OF TODAY I AM ON INACTIVE STATUS WITHOUT PAY OR BENEFITS.

I BELIEVE I WAS DISCRIMINATED AGAINST WITH ONGOING HARASSMENT AND RETALIATION FROM ABOUT SEPTEMBER, 2018 BECAUSE OF MY AGE (40+) AND THEN REGARDED AS DISABLED SINCE MY AUTOMOBILE CRASH ON MARCH 30, 2019 IN VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT AND AMERICANS WITH DISABILITY ACT AS AMENDED IN 2008.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Dale Powers on 11-13-2019 11:37 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |