UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DALE POWERS,**

        **Plaintiff,**

v.                                               **Case No: 6:21-cv-1290-CEM-EJK**

**LOCKHEED MARTIN
CORPORATION,**

        **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Short-Form Discovery Motion for Reasonable Expenses, Including Attorneys' Fees (the "Motion"), filed November 9, 2022. (Doc. 37.) Plaintiff, Dale Powers, has failed to respond to the Motion, and the time to do so has expired. Accordingly, the undersigned considers the Motion as unopposed. *See* Local Rule 3.01(c). For the reasons set forth herein, the Motion is due to be granted.

### I. BACKGROUND

On October 18, 2022, Defendant filed a motion to compel Plaintiff to produce responses, and documents responsive to, Defendant's interrogatories and requests for production. (Doc. 33.) The Court granted the motion to compel, ordering Plaintiff to produce responses and documents and to reimburse Defendant its reasonable attorney's fees. (Doc. 36.) Further, the Court granted Defendant leave to file a motion for attorney's fees if the parties were not able to agree as to the amount of fees. (*Id.*)

## II. STANDARD

Under Federal Rule of Civil Procedure 37, attorney's fees must be paid, subject to limited exceptions, if a motion to compel discovery responses is granted. Fed. R. Civ. P. 37(a)(5)(A). In determining reasonable attorney's fees, federal courts apply the "lodestar" method, which is calculated by multiplying counsel's reasonable hourly rate by the number of hours counsel reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The movant bears the burden of demonstrating that its counsel's requested hourly rate and the number of hours its counsel expended are reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Once the Court has determined the lodestar, it may adjust the amount based on several factors, including the results obtained. *Id.* at 1302. Additionally, the Court is "itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (internal quotation marks omitted).

## III. DISCUSSION

### A. Entitlement to Attorney's Fees

Attorney's fees must be paid if a motion to compel discovery responses is granted, unless one of three exceptions applies. Fed. R. Civ. P. 37(a)(5)(A). The first exception is when a party "files the motion before attempting in good faith to obtain the disclosure or discovery without court action." *Id.* Defendant certifies that prior to

filing the Motion, Defendant conferred with Plaintiff both via telephone and email. (Doc. 37 ¶ 4.) Therefore, the first exception does not apply.

The second exception is "if the opposing party's nondisclosure, response, or objection was substantially justified[,] [attorneys'] fees should not be awarded." Fed. R. Civ. P. 37(a)(5)(A). "The burden of establishing substantial justification is on the party being sanctioned." *Sigurdsson v. Dicarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 U.S. Dist. LEXIS 159623 at *2 (M.D. Fla. Nov. 7, 2013). Plaintiff failed to respond; therefore, it has not established substantial justification for its non-compliance.

The final exception is that attorney's fees should not be awarded if "other circumstances make an award of expenses unjust." *Id.* Again, Plaintiff failed to respond, and the undersigned is unaware of any "other circumstances" that would "make an award of expenses unjust." *Id.* In conclusion, none of the exceptions in Rule 37(a)(5)(A) apply and Defendant is entitled to attorney's fees.

### B. Reasonableness of Hourly Rate and Hours Expended

Defendant's counsel seeks compensation for 5.3 hours related to the Motion to Compel. (Doc. 37 at 2.) Here, the Court finds that the number of hours requested by Defendant is reasonable under the circumstances. *See Poschmann v. Unified Enterprises, LLC*, No. 5:20-cv-227-Oc-JSM-PRL, 2021 WL 3036306, at *2 (M.D. Fla. Apr. 21, 2021) (finding 5.6 hours reasonable for a motion to compel). In sum, Defendant's counsel seeks an award of $2,511.00 in attorneys' fees (Doc. 37 at 2), which is unopposed by Plaintiff. This amounts to an hourly rate of approximately $473.77. Notably, Defendant's counsel fails to provide an exact hourly rate for the attorneys on

file in an attempt to preserve work product or attorney client privilege. The Court does not find attorney rates to be privileged information, but the undersigned ultimately uses his own knowledge of local rates to find that the implied hourly rate is reasonable in this context, especially since the Motion is unopposed. This finding should not be used to justify the reasonableness of any future fee request.

## IV.　CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Reasonable Expenses (Doc. 37) is **GRANTED**. Defendant is awarded $2,511.00 in reasonable attorneys' fees.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE